1  Wallace & Sandra Duke
2  15800 E 121ST Ave, E6
3  Commerce City  CO  80603
4

5           UNITED STATES DISTRICT COURT
6              DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2010 AUG 13  AM 10: 11

GREGORY C. LANGHAM
      CLERK

**Wallace & Sandra Duke**

Plaintiff,

vs.

**H & R Block Bank**

Defendant

Case # _____ BY _____ DEP. CLK

'10 - CV - 01927

MEMORANDUM IN SUPPORT OF
REQUEST FOR TEMPORARY
RESTRAINING ORDER

Date: 8-13-2010

9   Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from
10  foreclosing on the property owned by Plaintiff. *Fed. R. Civ. P. 65(b)(1); see Sampson v.*
11  *Murray, 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).*

12  Plaintiff requests a temporary restraining order which prevents the sale of his home pursuant
13  to a non-judicial foreclosure proceeding. While Plaintiff accepts and understands that the court
14  must be mindful of its obligation to promote comity between state and federal judicial bodies and
15  should "abstain from exercising jurisdiction in cases where equitable relief would interfere with
16  pending state proceedings" *Aaron v. Target Corp., 357 F. 3d 768 (8th Cir. 2004).* Courts use the
17  doctrine developed in *Younger v. Harris, 401 U.S. 37 (1971),* to carry out this policy. Under
18  Younger, a federal court should abstain from jurisdiction " when:

19     1.  there is an ongoing state judicial proceeding which

20     2.  implicates important state interests, and

MEMORANDUM IN SUPPORT OF PETITION FOR RESTRAINING ORDER
                    1 of 3

21      3. that proceedings affords an adequate opportunity to raise the federal questions presented." *Narwood v. Dickey, 409 f.3d 901, 903 (8th cir 2005) (quoating Fuller v. Ulland, 76 F. 3d 957, 959 (8th Cir. 1996)*

In the instant case, none of the above in implicated as the foreclosure Plaintiff seeks protection from involves a non-judicial foreclosure and, therefore, no state judicial proceedings will be effected by the relief sought herein.

There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. {*See N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719, 725 (W.D. Ky. 1995.

Plaintiff is mindful of the standards set forth by *Dataphase Sys., Inc, v. C.L. Sys., 640 F2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In Dataphase,* the court, en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

1. the threat of irreparable harm to the movant;
2. the state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigant;
3. the probability that movant will succeed on the merits; and
4. the public interest.

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

1. Defendant has no agency to represent the real party in interest;
2. that the alleged real party in interest is unable to prove standing foreclose against the property;
3. that the lender committed numerous acts, as listed above, that have the effect of rendering the contract, through which defendant claims authority, void and unenforceable.

MEMORANDUM IN SUPPORT OF PETITION FOR RESTRAINING ORDER

51  The threatened harm to plaintiff outweighs the harm that a preliminary injunction would
52  inflict on defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from
53  selling the instant property, the defendant an plaintiff will befit as if plaintiff is forced to vacate
54  the property, the property will sit empty for the duration of the action. Plaintiff will suffer loss of
55  the use of said property and will loose opportunity to maintain same and defendant will suffer
56  loss by having to maintain an empty property that cannot be insured.

57  Issuance of a preliminary injunction would not adversely affect the public interest and public
58  policy because there are already a great number of empty houses with the current residential
59  foreclosure mess. Adding more will simply increase the burden on the local as it will create
60  opportunity for vandalism and further other criminal activity.

61  Plaintiff is willing to post a bond in the amount the court deems appropriate.

62  The court should enter this preliminary injunction without notice to defendant because
63  plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted
64  before defendant can be heard as **defendant has scheduled the above referenced sale for**
65  **August 18th, 2010.** *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said
66  sale is allowed to take place, Plaintiff will be irreparably harm

67  Plaintiff asks the court to set the request for a preliminary injunction for hearing at the
68  earliest possible time.

69  **Respectfully Submitted,**
70
71  *Rev. Wallace James Duke*       *Sandra R. Duke*
72  **Wallace Duke**                **Sandra Duke**