IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-01927-REB-KLM

WALLACE and SANDRA DUKE,

    Plaintiffs,

v.

H & R BLOCK BANK,

    Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

This matter is before me on the plaintiffs' **Petition for Restraining Order** [#3] filed August 13, 2010. The plaintiffs filed also a **Memorandum in Support of Request for Temporary Restraining Order** [#4] on August 13, 2010. The plaintiffs seek an order restraining a foreclosure sale scheduled to occur August 18, 2010. On review of these filings, I find that the plaintiffs have failed to abide by Fed. R. Civ. P. 65 and the applicable Local Rule of the District of Colorado, D.C.COLO.LCivR 65.1. I deny the motion without prejudice.

    Rule 65(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). The plaintiffs do not describe in their motion any efforts they

have made to give notice or to attempt to give notice of their motion to the defendant.  In addition, there is no indication in the plaintiffs' motion that the defendant has yet been served with a summons and complaint.  The plaintiffs also fail to state any valid reasons why notice to the defendant should not be required.  The plaintiffs state in their memorandum [#4] that a temporary restraining order should enter without notice to the defendant because the foreclosure sale is scheduled for August 18, 2010.  The fact that the sale is scheduled five days from now is not an adequate reason to enter a temporary restraining order without notice to the defendant.  Without notice to the defendant, or a statement of valid reasons why notice to the defendant should not be required, the plaintiffs' motion fails.

Furthermore, with regard to *ex parte* applications, Local Rule 65.1A. provides that a motion shall be accompanied by a certificate of counsel or a pro se party attesting that (1) actual notice of the time of filing the motion, and copies of all pleadings and papers filed in the action to date have been furnished to the adverse party, or (2) the moving party has made efforts to give such notice and furnish such copies. D.C.COLO.LCivR 65.1A. ("Except in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order.").  Here, the plaintiffs have failed to certify their attempts to furnish pleadings and/or give notice to the defendant.  Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  **See Green v. Dorrell**, 969 F.2d 915, 917 (10th Cir. 1992); **Nielsen v. Price**, 17 F.3d 1276, 1277 (10th Cir. 1994).  The court should not be the *pro se* litigant's advocate.  **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.

2

1991).

Finally, I note that the plaintiffs' description of the irreparable injury they allegedly will suffer if a temporary restraining order is not issued is not adequate to support the issuance of a temporary restraining order. The plaintiffs state, in a conclusory fashion, that they will suffer imminent and irreparable injury, but they do not describe the injury. *Motion* [#3], p. 1. Addressing the balance of harms factor that must be addressed in analyzing a request for a temporary restraining order, the plaintiffs state that "the defendant an[d] plaintiff will benefit as if plaintiff is forced to vacate the property, the property will sit empty for the duration of the action. Plaintiff will suffer loss of the use of said property and will loose (sic) opportunity to maintain same and defendant will suffer loss by having to maintain an empty property than cannot be insured." *Motion* [#3], p. 2. The potential harms the plaintiffs say they will suffer, as described by the plaintiffs, are not irreparable. For this reason also, the motion is denied.

**THEREFORE, IT IS ORDERED** that the plaintiffs' **Petition for Restraining Order** [#3] filed August 13, 2010, is **DENIED** without prejudice

Dated August 18, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3