**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  10-cv-01927-REB-KLM

WALLACE DUKE, and
SANDRA DUKE,

      Plaintiffs,

v.

H & R BLOCK BANK,

      Defendant.

---

## ORDER DENYING MOTION FOR RESTRAINING ORDER

---

**Blackburn, J.**

      The matter is before me on the plaintiffs' **Motion For Restraining Order** [#29] filed December 8, 2010, at 1:21 p.m.  The plaintiffs seek an order restraining a foreclosure sale scheduled to occur at some unspecified time on December 8, 2010. I deny the motion.

      Because the plaintiffs are proceeding pro se, I have construed their motion more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

      A temporary restraining order is extraordinary relief.  A party seeking a temporary restraining order must show: (1) a substantial likelihood that the movant will prevail eventually on the merits; (2) that the movant will suffer imminent and irreparable injury

unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction, if issued, would not be adverse to the public interest.  ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980); ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent).  In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b). Even with the benefit of the munificent perspective afforded pro se parties, I find and conclude that the plaintiffs have not demonstrated with specific factual allegations (1) that they enjoy a substantial likelihood that they will prevail eventually on the merits; (2) that they will suffer imminent and irreparable injury unless the  temporary restraining order issues; and (3) that the temporary restraining order, if issued, would not be adverse to the public interest.

**THEREFORE, IT IS ORDERED** that the plaintiffs' **Motion For Restraining Order** [#29] filed December 8, 2010, is **DENIED**.

Dated December 8, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge