IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01927-REB-KLM

WALLACE DUKE, and
SANDRA DUKE,

    Plaintiffs,

v.

H & R BLOCK BANK,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant H&R Block Bank's Motion to Dismiss the Complaint** [Docket No. 16; Filed October 13, 2010] ("Motion to Dismiss"). Plaintiffs filed a Response on November 8, 2010 [Docket No. 18], and Defendant filed a Reply on November 9, 2010 [Docket No. 19].[1] The Motion to Dismiss has been fully briefed and is ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C., the Motion to Dismiss has been referred to this Court for recommendation. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues presented. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED**.

### I. Factual Background and Complaint

Plaintiffs, who are proceeding *pro se*, filed this action on August 13, 2010 [Docket

---

[1] Plaintiffs also filed a surreply without the Court's permission [Docket No. 27]. Because surreplies are neither contemplated by the Federal Rules of Civil Procedure nor permitted by D.C.COLO.LCivR 7.1C., the surreply was stricken [Docket No. 28].

No. 1]. Jurisdiction is premised on the Court's authority to review matters involving a federal question. 28 U.S.C. § 1331. In their Complaint, Plaintiffs assert several statutory, tort, and contract claims under federal and Colorado law based upon allegations that Defendant engaged in deceptive lending practices.[2] *Complaint* [#1] at 11-13, 14, 18, 20-24. Plaintiffs' claims arise from two loans that they secured to buy property located at 15800 E. 121st Avenue, #E6, Commerce City, Colorado 80603. *Id.* at 1. The loans closed on August 23, 2006.[3] Plaintiffs ultimately defaulted on the loans and the property was ordered to be sold in foreclosure. *Id.* at 7, 9-11.

The Complaint is not a model of clarity. In fact, in dealing with an identical complaint filed in another lawsuit, a Court in this District recognized that the claims read "more like [a] manifesto[] against the residential loan industry than legal claims for relief." *Moore v. One West/Indy Mac Bank*, 10-cv-01455-REB-CBS, 2010 WL 3398855, at *6 (D. Colo. July 12, 2010) (unpublished decision). Viewing the Complaint liberally, Plaintiffs assert the following claims against Defendant: (1) breach of fiduciary duty; (2) negligence and negligence per se; (3) fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"); (6) intentional infliction of emotional distress; (7) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (8) unjust enrichment. *Id.* at 11-13, 14, 18, 20-24.[4]

---

[2] The Court notes that although there is only one named Defendant, Plaintiffs refer to "Defendants" throughout their Complaint.

[3] Plaintiffs do not expressly state in their Complaint that their loans closed on August 23, 2006. However, as the Court will explain later, the Court may consider the loan documents to ascertain this fact.

[4] The first six claims are listed under the heading "Causes of Action" in Plaintiffs' Complaint. The remaining two claims are listed within other provisions of the Complaint. The Complaint also references terms like "breach of contract," "criminal conspiracy," 'theft," "quiet title," the "Deceptive Practices Act," and

Defendant asserts a number of grounds in support of its Motion to Dismiss. Defendant primarily argues that Plaintiffs' claims are barred by the applicable statutes of limitations. Defendant further argues that even if Plaintiffs' claims are not time-barred, they should be dismissed for the following reasons: (1) the majority of Plaintiffs' causes of action are barred by the credit agreement statute of frauds; (2) there is no private cause of action for Plaintiffs' RESPA claims; (3) there is no plausible basis for relief for Plaintiffs' RESPA claims; and (4) Plaintiffs' state law claims state no basis for relief. *Motion to Dismiss* [#16] at 6, 9-14.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

"rescission." However, the Complaint contains no supporting factual allegations in reference to such terms or claims. Despite the varying labels Plaintiffs have attached to their myriad claims, the Court will not be rigidly guided by Plaintiffs' labels and will limit analysis to the eight claims listed above. *See Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*,129 S. Ct. at 1949 (citation omitted).

In review of a motion to dismiss, the Court may consider extraneous documents under limited circumstances. *See generally MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002); *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). For example, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents'

4

authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Thus, here, in addition to the Complaint, the Court considers the loan documents referenced by Plaintiffs. More specifically, the Court considers the originating loan documents, including the Note, the Deed of Trust, and the Settlement Statements for the purpose of ascertaining the closing date of the loans [Docket Nos. 16-3, 16-2 & 18]. These documents are central to Plaintiffs' claims and their validity has not been challenged.[5]

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A.    Plaintiffs' Federal Law Claims

Defendant argues that Plaintiffs' TILA and RESPA claims are barred by the applicable statutes of limitations.[6] While the statute of limitations is an affirmative defense,

---

[5] Indeed, Plaintiffs make several references to these documents throughout their Complaint and Response, and Plaintiffs also attach loan documentation to their Response which confirms that the closing date of their loans was August 23, 2006. *Complaint* [#1] at 1, 3, 13; *Response* [#18] at 6, 13-16.

[6] Some courts have found that the statutes of limitations applicable to TILA and RESPA claims are jurisdictional such that Fed. R. Civ. P. 12(b)(1), as opposed to Fed. R. Civ. P. 12(b)(6), applies. *See, e.g.*, *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 202 (D.D.C. 2009). Although the Tenth Circuit has

the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent from the Complaint and documents referenced therein. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *see also McDaniel v. Denver Lending Group, Inc.*, 08-cv-02617-PAB-KLM, 2009 WL 1873581, at *15 (D. Colo. June 30, 2009) (unpublished decision). If Defendant satisfies its initial burden of showing that a claim is untimely, the burden shifts to Plaintiffs to establish a later accrual date or to show that there is a basis to toll the accrual date. *Aldrich v. McCulloch Props. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). For the reasons set forth below, the Court finds that (1) Plaintiffs' TILA claims are time-barred, (2) Plaintiffs' RESPA claims, if any, are also time-barred, and (3) Plaintiffs have not met their burden of showing that any statute of limitations should be equitably tolled.

### 1. Plaintiffs' TILA Claims Are Time-Barred.

Pursuant to 15 U.S.C. § 1640(e), TILA claims must be brought "within one year from the date of the violation." *See Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1257 (D. Colo. 2004). The date of the occurrence triggering the statute of limitations is the "date of closing" of the loan. *Id.* at 1258 (citations omitted); *see also Moore*, 2010 WL 3398855, at *6-7 ("The limitations period on a TILA claim begins running on the date the loan documents are signed." (citations omitted)). Here, Plaintiffs signed the

---

not explicitly addressed this issue, it has recognized that the application of the doctrine of equitable tolling is only available to claims with statutes of limitations which are not jurisdictional. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). As courts in this Circuit have held that TILA and RESPA statutes of limitations are subject to equitable tolling, see *Perkins v. Shifrin*, 551 F. Supp. 2d 1246, 1253 n.5 (D. Colo. 2008) (TILA and RESPA); *In re Lewis*, No. 03-42515, 2004 WL 2191602, at *6 (Bkrtcy. D. Kan. July 8, 2004) (unpublished decision) (citations omitted) ("[T]he [TILA] statute of limitations is not jurisdictional, and may be subject to equitable tolling under appropriate circumstances."), the Court assumes that they are not jurisdictional. Accordingly, the Court analyzes the defense pursuant to the Fed. R. Civ. P. 12(b)(6) standard of review, as suggested by Defendant.

loan documents on August 23, 2006, but they did not file their Complaint until August 13, 2010. *Note* [#16-2] at 2; *Deed of Trust* [#16-3] at 6; *Settlement Statement* [#18] at 14-15. Accordingly, on these facts, Plaintiffs' TILA claims are untimely unless there is a basis to toll the applicable statute of limitations.

### 2. Plaintiffs' RESPA Claims, if Any, Are Time-Barred.

Plaintiffs fail to cite the specific RESPA provisions that Defendant allegedly violated. Instead, they allege that Defendant made the following RESPA violations: "Good Faith Estimate not within limits, No HUD-1 Booklet, Truth In Lending Statement not within limits compared to Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day before closing, No Holder Rule Notice in Note, No First Payment Letter." *Complaint* [#1] at 12-13. Based on the language of RESPA, Plaintiffs have either brought claims that (1) do not create a private cause of action, or (2) create a private cause of action, but are untimely.

The portions of RESPA which are similar in content to Plaintiffs' claims, 12 U.S.C. §§ 2603 & 2604,[7] "outline the disclosures which lenders must provide borrowers, but they do not create a private cause of action against mortgage lenders who fail to make such disclosures." *Reese v. 1st Metro. Mortg. Co.*, Civ. A. 03-2185-KHV, 2003 WL 22454658, at *3-4 (D. Kan. Oct. 28, 2003) (unpublished decision) (citing 12 U.S.C. §§ 2603 & 2604); *see also Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557-58 (9th Cir. 2010)

---

[7] Sections 2603 and 2604 are the most applicable to Plaintiffs' claims because they deal with required disclosures. While §§ 2603 and 2604 may speak to the alleged failure to disclose at issue in Plaintiff's Complaint, the sections which provide a cause of action pursuant to RESPA do not. For example, § 2605 (which provides a cause of action under RESPA) "does not . . . impose upon the creditor . . .[a duty] to disclose upon the Plaintiff the HUD Settlement Statement." *Sanborn v. Am. Lending Network*, 506 F. Supp. 2d 917, 923 (D. Utah 2007) (rejecting a plaintiff's § 2605 claim because failure to provide a HUD Settlement Statement is not actionable).

7

(explaining that there is no private right of action pursuant to RESPA § 2603 violations). Accordingly, if Plaintiffs are asserting that Defendant violated §§ 2603 and 2604, these alleged violations do not give rise to any actionable claim.

Assuming Plaintiffs have asserted actionable RESPA claims, "to the extent that RESPA provides a private cause of action for failure to disclose, any such claim . . . has a one- [or three-]year statute of limitations." *Kruse v. Countrywide Home Loan Servicing*, 09-cv-02844-LTB-KLM, 2010 WL 3791044, at *2 (D. Colo. Sept. 22, 2010) (unpublished decision) (citations omitted). Pursuant to 12 U.S.C. § 2614, a RESPA action must be brought "within 3 years in the case of a violation of section 2605 of [RESPA] and 1 year in the case of a violation of section 2607 or 2608 of [RESPA] from the date of the occurrence of the violation . . . ." "Courts have predominantly found the 'date of the occurrence' to refer to the date of the closing of the loan." *Perkins*, 551 F. Supp. 2d at 1252 (citations omitted). As noted above, Plaintiffs closed on their loans on August 23, 2006. Accordingly, even if Plaintiffs have stated actionable RESPA claims, Plaintiffs' August 13, 2010 lawsuit is untimely under either statute of limitations unless there is a basis to toll the statute of limitations applicable to RESPA claims.

### 3. The Doctrine of Equitable Tolling Does Not Apply.

Because Defendant has satisfied its primary burden to show that Plaintiffs' claims are expired, the burden shifts to Plaintiffs to provide a different accrual date or a basis to toll the statute of limitations. Here, Plaintiffs do not dispute that their TILA and RESPA claims accrued on August 23, 2006, the date of the loans' closing. Instead, they ask the Court to invoke the doctrine of equitable tolling. *Complaint* [#1] at 14. Because the statutes of limitations at issue here derive from federal statutes, the applicability of the doctrine of

equitable tolling is governed by federal precedent.

Pursuant to federal law, in order to invoke the protection of equitable tolling, Plaintiffs have the burden to show (1) that they were diligently pursuing their rights, but (2) some extraordinary circumstances prevented them from timely filing their claim. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. Oct. 9, 2008) (unpublished decision) (citations omitted) (TILA claims); *Perkins*, 551 F. Supp. 2d at 1253 (citations omitted) (RESPA claims). As a preliminary matter, "TILA claims are subject to equitable tolling." *Perkins*, 551 F. Supp. 2d at 1253 n.5. RESPA claims may also be subject to equitable tolling.[8] *Id.* However, equitable tolling is "limited to 'rare and exceptional circumstances.'" *Id.* (quoting *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003)).

Here, Plaintiffs do not meet their burden to show that equitable tolling should apply because Plaintiffs fail to show that they were diligent or that some extraordinary circumstance prevented them from filing a timely claim.[9] Rather, they generally allege that "[their] claims are subject to the equitable tolling doctrine" because they were not put on "notice of the pervasive fraud affecting the real estate industry . . . until the improprieties

---

[8] "The Tenth Circuit does not appear to have decided [whether RESPA claims may be equitably tolled], but it has held that the TILA statute, which is similarly worded, is subject to equitable tolling . . . . The prevailing opinion across the Circuits appears to be that similar to TILA, the RESPA statute of limitations can be equitably tolled." *Perkins*, 551 F. Supp. 2d at 1253 n.5 (citations omitted). For purposes of resolving the Motion to Dismiss, the Court assumes that RESPA claims can be equitably tolled.

[9] An example of extraordinary circumstances which would warrant equitable tolling of TILA and RESPA statutes of limitations is set forth in *Estate of Henderson ex rel. Johnson v. Meritage Mortg. Corp.*, 293 F. Supp. 2d 830, 835-36 (N.D. Ill. 2003). There, a deceased borrower's lack of ability to comprehend her injury because of advanced Alzheimer's led the court to conclude that her RESPA and TILA claims were tolled until the date of her estate's discovery of the alleged injuries. *See Perkins*, 551 F. Supp. 2d at 1253 n.6. Another example is if the defendant knows that the plaintiff can only speak Spanish but provides the loan documents in English and does not translate them. *See Gonzalez v. Ameriquest Mortg. Co.*, C 03-00405 JSW, 2004 WL 2472249, at *5 (N.D. Cal. Mar. 1, 2004) (unpublished decision).

of the real estate market were finally made public by the popular media." *Complaint* [#1] at 14; *Response* [#18] at 2-3. Although Plaintiffs do not specify when this occurred, they contend that "[w]hen Plaintiff became aware of potential fraud by the licensed professionals Plaintiff had been induced to trust, Plaintiff made due diligent inquiry and discovered the fraud complained of herein." *Response* [#18] at 2-3. Plaintiffs do not provide any specificity or factual basis for their generalized assertions. Regardless of Plaintiffs' contention that after their alleged notice they "acted immediately with due diligence and engaged professionals to examine the propriety of the practices engaged in by Defendants," Plaintiffs do not contend that they were prevented from discovering this alleged fraud at the time of the loan's closing, that they were diligent in ascertaining it, or that some extraordinary circumstances prevented discovery until the "popular media" reported it. "A . . . complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 129 S. Ct. at 1949.

Specifically, in relation to Plaintiffs' TILA claim, Plaintiffs' conclusory assertion that Defendant violated TILA without providing further proof of Plaintiffs' due diligence to discover the violations does not trigger equitable tolling. Equitable tolling does not apply to a TILA claim when "nothing prevented [the plaintiff] from comparing the loan documents, [the defendant's] initial disclosures, and TILA's statutory and regulatory requirements." *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). Plaintiffs' general references to discovering impropriety in the real estate market through the "popular media" fail to show that Plaintiffs could not have compared Defendant's initial disclosures and the loan documents to TILA statutory and regulatory requirements at the time of the loans' closing.

In relation to Plaintiffs' purported RESPA claims, i.e., that Defendant failed to provide

adequate disclosures, Plaintiffs' assertions fare no better.  *See Complaint* [#1] at 12-13.  "It is not sufficient . . . to claim equitable tolling when a defendant simply fails to make a required disclosure, as opposed to providing false information,[10] because such a plaintiff would 'know or should have known of this failure as of [the closing date].'"  *Croxford v. Sutherland Title*, 2:10-cv-0573, 2011 WL 64306, at *1 (D. Utah Jan. 7, 2011) (unpublished decision) (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633-34 (5th Cir. 1986)).  Moreover, courts do not apply equitable tolling to RESPA claims when plaintiffs merely "allege [that] the complicated nature of the loan settlement documents prevent[ed] them from immediately discovering their *injury*, [but plaintiffs] do not allege that they were prevented from investigating and discovering [the defendant's] role in alleged misconduct prior to the statute of limitations."  *See, e.g.*, *Perkins*, 551 F. Supp. 2d at 1253 (emphasis in original).

Plaintiffs' allegations are similar to the plaintiffs' assertions in *Croxford*, which were dismissed.  In that case, the plaintiffs contended that "equitable tolling should be applied [to their TILA and RESPA claims] because they were 'unaware of their rights [to disclosure documents] because of the calculated concealment and scheming behavior of the Defendants.'"  *Croxford*, 2011 WL 64306, at *1 (citation omitted).  The Court "reject[ed] this bald assertion" because the "[p]laintiffs' failure to avail themselves of sufficient information

---

[10] It is not entirely clear that Plaintiffs are claiming that Defendant provided false information.  In their Complaint, Plaintiffs allege that Defendant "charged fees to [Plaintiffs] that were in violation of the limitations imposed by the [RESPA] as said fees were simply contrived and not paid to a third party vendor."  *Complaint* [#1] at 11.  By contrast, Plaintiffs also state that they "are unable to determine whether or not the . . . fees are valid in accordance with the restrictions provided by the various consumer protection laws . . . .  In the event lender fails to properly document the . . . charges, borrow will consider the same as false charges."  *Id.* at 12.  The factual inconsistencies in Plaintiffs' Complaint, along with the speculative nature of the allegations, do not give rise to an assumption of truth.  *Ashcroft*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 US at 555.

11

to understand their rights under the law is a risk that they bear, and they cannot shift the consequences resulting from their ignorance to [the d]efendants." *Id.* Specifically, "[w]ithout identifying or explaining which 'misdeed' prevented [the p]laintiffs from inquiring about their rights to disclosures and exercis[ing] a reasonable degree of due diligence," equitable tolling is not applicable. *Id.*

Similarly, here, the Court finds that Plaintiffs have failed to plausibly assert any basis to apply the doctrine of equitable tolling to their federal claims. As noted above, although Plaintiffs generally allege that they employed due diligence after media reports of alleged pervasive fraud in the mortgage industry, they do not contend that they employed due diligence at the time that they entered into the subject loans. *See id.* (noting that where "[n]othing [was] provided that suggest[ed the] Plaintiffs advantaged themselves of any sort of due diligence to discover their rights relating to the purchase of the subject property," equitable tolling did not save the time-barred claims). Moreover, Plaintiffs have not provided any extraordinary circumstance that prevented them from discovering their injury earlier. Because Plaintiffs fail to assert a basis for application of equitable tolling, the Court finds that any claims raised by Plaintiffs pursuant to TILA or RESPA are time-barred and should be dismissed.[11]

### B. Plaintiffs' State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise

---

[11] To the extent that the Complaint could be liberally construed to assert a violation of the Deceptive Practices Act, 15 U.S.C. § 45, as another basis for the Court's federal question jurisdiction, this Act does not apply. On its face, the Act does not pertain to the conduct of banks, 15 U.S.C. § 45(a)(2), or create a private right of action. *Baum v. Great W. Cities, Inc.*, 703 F.2d 1197, 1209 (10th Cir. 1983). Therefore, this statute does not provide an independent basis for federal question jurisdiction.

supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Because the claims over which this Court has original jurisdiction should be dismissed, the Court may decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 2004) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also Croxford*, 2011 WL 64306, at *1-2 (declining to exercise supplemental jurisdiction over the plaintiffs' negligence, contract, and fraud claims after dismissing Plaintiffs' TILA, RESPA and other federal claims); *Heil*, 298 Fed. Appx. at 707 (explaining that a court may decline to exercise supplemental jurisdiction if it has dismissed the plaintiffs' TILA claims).

Here, the Court recommends that Plaintiffs' remaining state law claims be dismissed without prejudice because Plaintiffs' federal law claims are time barred, the case is in preliminary stages, and adjudication of Plaintiffs' state law claims would unnecessarily require the Court to interpret and apply state law when there is no apparent independent jurisdiction to do so.[12] *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

## IV. Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion

---

[12] Plaintiffs' Complaint andcover sheet [Docket No. 1-1] contain no alternate basis for asserting jurisdiction over the state law claims. *See Port City Props. v. Union Pac. R.R.*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.").

[#16] be **GRANTED** and that Plaintiffs' federal claims be **dismissed with prejudice**.

IT IS FURTHER **RECOMMENDED** that the Court decline to exercise jurisdiction over the remaining state law claims and that they be **dismissed without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 8, 2011

                                              BY THE COURT:

                                              s/ Kristen L. Mix
                                              United States Magistrate Judge
                                              Kristen L. Mix